ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL'S OPINION WHEREIN YOU ASK: 1. WHETHER THE OKLAHOMA HEALTH PLANNING COMMISSION (COMMISSION) CAN OR SHOULD CONDUCT A PUBLIC HEARING TO DETERMINE IF THE FORMER SENATOR LEE CATE VIOLATED OKLAHOMA LAW, 74 O.S. 1409 [74-1409] (1981), WHEN HE WROTE A LETTER TO THE COMMISSION ON BEHALF OF TWELVE POINT RIDGE, INC. REQUESTING A DECLARATORY RULING; AND 2. WHETHER THE COMMISSION SHOULD REVIEW AND/OR ACT ON THE CURRENT APPLICATION FILED BY TWELVE POINT RIDGE, INC. IN VIEW OF SENATOR CATE'S ALLEGED IMPROPER CONDUCT IN REGARD TO THAT PROJECT? AFTER REVIEWING YOUR REQUEST, THE ATTORNEY GENERAL DOES NOT FEEL THAT AN OFFICIAL OPINION IS NECESSARY TO RESOLVE THIS MATTER WE HAVE, HOWEVER, RESEARCHED THE ISSUES AND DISCUSSED THE SITUATION WITH YOUR LEGAL LIAISON, OZELLA WILLIS. IT WAS OUR DECISION TO RESPOND TO YOUR REQUEST WITH THIS LEGAL MEMORANDUM. IN REGARD TO YOUR FIRST QUESTION, I HAVE REVIEWED ALL OF THE COMMISSION'S STATUTORY POWERS AND DUTIES AND FIND THAT THE COMMISSION DOES NOT HAVE AUTHORITY TO INVESTIGATE, REVIEW OR CENSURE FOR POSSIBLE VIOLATIONS OF OKLAHOMA LAW COMMITTED BY FORMER OR PRESENT LEGISLATORS. IN VIEW THEREOF, THE COMMISSION IS WITHOUT AUTHORITY TO CONDUCT A PUBLIC HEARING REGARDING SENATOR CATE'S ALLEGED VIOLATIONS OF 74 O.S. 1409 [74-1409]. IT IS WELL SETTLED THAT AN AGENCY CREATED BY STATUTE MAY ONLY EXERCISE THOSE POWERS GRANTED BY STATUTE, OR SUCH AS MAY BE FAIRLY IMPLIED, AND CAN NOT EXPAND THOSE POWERS BY ITS OWN AUTHORITY. MARLEY V. CANNON, 618 P.2d 401 (OKL. 1980). IT IS IMPORTANT TO KEEP IN MIND, THEREFORE, THAT IN THE GENERAL STATUTORY SCHEME OF STATE GOVERNMENT, OTHER ENTITIES AND PROCEDURES HAVE BEEN ESTABLISHED TO DEAL WITH FACTUAL SITUATIONS WHICH MAY COME TO YOUR COMMISSION'S ATTENTION DURING THE COURSE OF REVIEWING APPLICATIONS, BUT WHICH ARE UNRELATED TO THE COMMISSION'S SCOPE OF REVIEW. THE PROPER STATE AUTHORITY WHICH IS CURRENTLY AUTHORIZED TO INVESTIGATE ALLEGED VIOLATIONS OF STATE LAW GOVERNING THE CONDUCT OF LEGISLATORS IS THE STATE ETHICS COMMISSION. HOWEVER, AS YOU WELL KNOW, THE ETHICS COMMISSION HAD NOT BEEN CREATED AT THE TIME OF THE ALLEGED VIOLATIONS OF 1409 IN JULY OF 1985. THE PROPER INVESTIGATIVE BODY AT THAT TIME WAS THE SENATE STANDARDS AND ETHICS COMMITTEE. THAT COMMITTEE IS STILL OPERATIONAL AND IF THE COMMISSION DESIRES, IT MAY FORWARD ALL THE INFORMATION IN ITS FILES REGARDING THIS MATTER TO THE SENATE AND ALLOW THAT BODY TO DISPOSE OF IT AS THEY SEE FIT. THE PRESENT CHAIRMAN IS SENATOR GERALD DENNIS. MOREOVER, IF THE COMMISSION BELIEVES THAT SENATOR CATE'S ALLEGED ACTIONS VIOLATED CRIMINAL LAWS, OR VIOLATED THE BAR ASSOCIATION'S ETHICAL CODE OF PROFESSIONAL RESPONSIBILITY, IT MAY LIKEWISE FILE A COMPLAINT WITH THE OKLAHOMA COUNTY DISTRICT ATTORNEY AND/OR THE OKLAHOMA BAR ASSOCIATION. IN REGARD TO YOUR SECOND QUESTION AS TO WHETHER THE COMMISSION SHOULD ACT ON THE APPLICATION OF TWELVE POINT RIDGE PROJECT, THE WORTHINESS OF THAT APPLICATION HAS NO RELATIONSHIP TO THE POSSIBILITY THAT A VIOLATION OF OKLAHOMA LAW OCCURRED BY SENATOR CATE. IT WOULD THUS APPEAR THAT THE HEALTH PLANNING COMMISSION SHOULD GO FORWARD WITH ITS REVIEW OF THE PENDING APPLICATION OF TWELVE POINT RIDGE, AND SEPARATELY DETERMINE WHETHER IT WISHES TO REFER ANY POSSIBLE VIOLATION OF OKLAHOMA LAW TO THE ENTITIES ALREADY DESCRIBED. (SUSAN BRIMER LOVING) (CONFLICT OF INTEREST)